UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SEAN PHILLIP TISSUE,

            Debtor.
_____/

Case No. 17-55776

Chapter 7

Judge Thomas J. Tucker

HENDRIK DREYER, *et al.*,

            Plaintiffs,

v.

SEAN PHILLIP TISSUE,

           Defendant.
_____/

Adv. Pro. No. 18-4076

**ORDER DISMISSING ADVERSARY PROCEEDING**

On February 16, 2018, Plaintiffs filed this adversary proceeding, seeking a money judgment against the Chapter 7 Debtor Sean Phillip Tissue and a determination that the debt owing to Plaintiffs is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). On June 29, 2018, the Court entered a default judgment in another adversary proceeding (Adversary Proceeding No. 18-4181) in favor of the United States Trustee, Daniel M. McDermott, and against the Debtor/Defendant Sean Phillip Tissue, denying the Debtor/Defendant Sean Phillip Tissue a discharge "based on 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4) and 727(a)(6)." (*See* Docket # 10 in Adv. No. 18-4181; *see also* Docket # 72 in Case No. 17-55776.)

The Court concludes that the no-discharge order renders moot all of the Plaintiffs' nondischargeaability claims under § 523(a) in this adversary proceeding, because Plaintiffs now

have received the dischargeability-related relief they were seeking in this adversary proceeding (namely, that Defendant's debt to Plaintiffs will not be discharged in Defendant's Chapter 7 bankruptcy case).

Thus, the Court is no longer able to grant Plaintiffs any meaningful relief in addition to what they have already received. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-196 (Bankr. E.D. Mich. 2015) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a).)

It is not entirely clear whether Plaintiffs seek a money judgment against the Defendant in this adversary proceeding. But because Plaintiffs' nondischargeability claims are now moot, this Court is unable to grant Plaintiffs a money judgment. In the absence of authority to grant a determination of nondischargeability (due to the mootness of these issues), this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for Plaintiffs. That is so because the Court's authority and subject matter jurisdiction to enter a money judgment in this adversary proceeding was wholly dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant-Debtor's debt to Plaintiffs. *See Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 965-66 (6th Cir. 1993) (quoting *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 215 (Bankr. D. Md. 1991)) (the bankruptcy court's jurisdiction to determine the dischargeability of a debt provides the bankruptcy court with authority to render a money judgment, because the bankruptcy court's equitable jurisdiction "'attaches to the entire cause of action,'" including the plaintiff's request for a money judgment,

and "'more importantly because it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt.'")

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot, and for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that this Order is without prejudice to the Plaintiffs' proofs of claim filed in the Defendant's pending bankruptcy case (Claim Nos. 2, 3, 4, and 5, filed in Case No. 17-55776).

**Signed on June 29, 2018**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**